IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IGNACIO RUIZ, TDCJ #1624305, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-3282 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Ignacio Ruiz has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254 from a murder conviction that resulted in a life sentence. The respondent has filed a Motion for Summary Judgment with Brief in Support ("Respondent's Motion") (Docket Entry No. 17), along with a copy of the state court records (Docket Entry Nos. 15-16). Ruiz has filed Petitioner's Response to Respondent's Motion for Summary Judgment ("Petitioner's Response") (Docket Entry No. 24), and he requests an evidentiary hearing on one of the issues raised in his Petition (Petitioner's Request for an Evidentiary Hearing with His Suggestions in Support, Docket Entry No. 25). After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

## I. <u>Background</u>

A grand jury returned an indictment against Ruiz in Harris County cause number 1189825, alleging that Ruiz murdered Rigoberto Careaga by shooting him with a deadly weapon, a firearm.[1] At trial the State presented evidence from four eye-witnesses who identified Ruiz as the man who shot Careaga four times with a .40 caliber semiautomatic handgun from the passenger side of a vehicle.[2] The shooting stemmed from a confrontation that occurred after Ruiz exchanged cell phone numbers with a young woman who had been at a nightclub with several companions.[3] Careaga, the father of two young children,[4] was not involved in the confrontation and was simply in the wrong place at the wrong time.[5] Ruiz shot another young woman in the back during the course of the offense[6] and attempted to flee while free on bond.[7]

---

[1] Indictment, Docket Entry No. 15-1, p. 12.

[2] Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 61-62, 72-78, 113-124, 161-62, 190-91, 205-15, 231-39; Court Reporter's Record, vol. 4, Docket Entry No. 15-17, pp. 21-22, 41-46, 50.

[3] Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 184-91, 205-08, 230-31; Court Reporter's Record, vol. 4, Docket Entry No. 15-17, pp. 17-23.

[4] Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 25, 213.

[5] <u>Id.</u> at 30-35, 213.

[6] Court Reporter's Record, vol. 4, Docket Entry No. 15-7, pp. 46-48.

[7] Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 78-79, 124-34.

After hearing the evidence, a jury in the 228th District Court of Harris County, Texas, found Ruiz guilty of murder as charged in the indictment.[8] Following a separate punishment proceeding, which included evidence that Ruiz was a gang member who had committed an assault while out on bond,[9] the same jury sentenced Ruiz to life imprisonment.[10]

On direct appeal Ruiz's appointed attorney filed a brief pursuant to <u>Anders v. State of California</u>, 386 U.S. 738 (1967) (an "<u>Anders</u> brief"), certifying that there were no non-frivolous issues to raise.[11] The court of appeals provided Ruiz with a copy of counsel's brief and allowed him to file a response. <u>See</u> <u>Ruiz v. State</u>, No. 14-10-00122-CR, 2012 WL 50610, at *1 (Tex. App. — Houston [14th Dist.] Jan. 10, 2012) (per curiam). After considering counsel's brief and Ruiz's response,[12] the court of appeals agreed that the appeal was "wholly frivolous" and affirmed the conviction after finding "no reversible error in the record." <u>Id.</u> Thereafter, the Texas Court of Criminal Appeals summarily

---

[8]Verdict, Cause No. 1189825, Docket Entry No. 15-1, p. 55; Docket Sheet, Cause No. 1189825, Docket Entry No. 16-8, p. 93 (reflecting that the jury deliberated for just over an hour).

[9]Court Reporter's Record, vol. 5, Docket Entry No. 15-18, pp. 10-19.

[10]Judgment of Conviction by Jury, Docket Entry No. 15-1, p. 67.

[11]Brief of Appellant, Docket Entry No. 15-20, p. 7.

[12]Appellant's Pro Se Response Brief, Docket Entry No. 15-19, pp. 1-29.

refused Ruiz's petition for discretionary review. See <u>Ruiz v.</u>
<u>State</u>, PD-0173-12 (Tex. Crim. App. May 16, 2012).

Ruiz now seeks a federal writ of habeas corpus under 28 U.S.C.
§ 2254 to challenge his conviction.[13] Ruiz raises the following
grounds for relief, which the court has re-ordered for purposes of
analysis:

1.  Testimony linking him to a cell phone was admitted
    in violation of the Confrontation Clause.

2.  Evidence of his gang affiliation was improperly
    admitted during the punishment phase of the trial
    in violation of his First Amendment right to
    "freedom of association."

3.  He was denied effective assistance of counsel
    during his trial when his defense counsel failed to
    object to the above-referenced violations of the
    Confrontation Clause and the First Amendment.

4.  He was denied effective assistance of counsel on
    appeal when his appointed attorney filed an <u>Anders</u>
    brief and failed to provide him with a copy of that
    brief.

5.  He was denied due process on direct appeal because
    he was not provided with a complete copy of the
    exhibits from his trial transcript.[14]

These claims were rejected by the Texas Court of Criminal Appeals,
which denied Ruiz's state habeas application without a written
order based on detailed findings of fact entered by the trial

---

[13]Petition, Docket Entry No. 1, p. 2.

[14]<u>Id.</u> at 6-8.

court.[15] The respondent moves for summary judgment, arguing that Ruiz's first two claims are barred by the doctrine of procedural default and that his remaining claims lack merit under the governing federal habeas corpus standard of review.[16]

## II.  Standard of Review

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d).  Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts."  Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2002).  To constitute an "unreasonable application of"

---

[15]Action Taken on Writ No. 85,258-01, Docket Entry No. 16-5, at 1; State's Proposed Findings of Fact, Conclusions of Law, and Order ("Findings and Conclusions"), Docket Entry No. 16-8, pp. 71-78.

[16]Respondent's Motion, Docket Entry No. 17.

clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' . . . [which] 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those

findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)). If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015) (quoting Wood v. Allen, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." Id.

### III. Discussion

### A. Violations of the Confrontation Clause and the First Amendment

Ruiz argues that the trial court erred by admitting hearsay evidence during the State's case-in-chief when a detective (Sergeant John Brooks) testified that Ruiz's brother, Antonio, identified a cell phone linked to the murder as belonging to Ruiz.[17]

---

[17]Petition, Docket Entry No. 1, p. 7; Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 90, 100.

Ruiz argues that the admission of this out-of-court statement denied him the right to confront and cross-examine his brother about the cell phone's provenance.[18] In a separate claim, Ruiz contends that the prosecution violated his First Amendment right to freedom of association by introducing irrelevant evidence of his gang affiliation during the punishment phase of the trial.[19] The respondent argues that both of these claims are barred from federal review by the doctrine of procedural default because Ruiz failed to preserve error by raising a contemporaneous objection.[20]

The contemporaneous objection rule requires that a party must make a timely, specific objection to preserve error for appeal. See TEX. R. APP. P. 33.1(a)(1)(A); Buchanan v. State, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). "The contemporaneous objection rule requires that the objection be presented to the trial court to provide that court with an opportunity to prevent any error." Shelvin v. State, 884 S.W.2d 874, 876 (Tex. App. — Austin 1994, pet. ref'd) (citing Rhett v. State, 839 S.W.2d 93, 94 (Tex. Crim. App. 1992)). Under this rule, "a contemporaneous objection must be made and an adverse ruling obtained" before an issue may be considered by an appellate court. Barnes v. State, 70 S.W.3d 294, 307 (Tex. App. — Fort Worth 2002, pet. ref'd) (citation omitted).

---

[18]Petition, Docket Entry No. 1, p. 7.

[19]Id. at 8.

[20]Respondent's Motion, Docket Entry No. 17, pp. 9-11.

The record confirms that Ruiz did not raise an objection to the disputed testimony at trial.[21] Because he did not contemporaneously preserve error at trial, or raise these issues on direct appeal, the state habeas corpus court refused to consider Ruiz's claims.[22] Ruiz therefore committed a default based on a state court procedural rule.

"[A federal habeas corpus court] will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 111 S. Ct. 2546, 2553 (1991); see also Lee v. Kemna, 122 S. Ct. 877, 885 (2002). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed[.]'" Walker v. Martin, 131 S. Ct. 1120, 1127-28 (2011) (quoting Beard v. Kindler, 130 S. Ct. 612, 617 (2009)). The Fifth Circuit "has consistently held that the Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999); see also Allen v. Stephens, 805 F.3d 617, 635 (5th Cir. 2015). As a result, review of Ruiz's Confrontation Clause and First Amendment

---

[21]Court Reporter's Record, vol. 3, Docket Entry No. 15-6, p. 100; Court Reporter's Record, vol. 5, Docket Entry No. 15-8, pp. 10-19, 21.

[22]Findings and Conclusions, Docket Entry No. 16-8, pp. 76, 77.

claims are precluded unless Ruiz fits within an exception to the procedural bar.

If a petitioner has committed a procedural default federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S. Ct. at 2565. To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." Kuhlmann v. Wilson, 106 S. Ct. 2616, 2627 (1986); see also Schlup v. Delo, 115 S. Ct. 851, 861 (1995) (describing actual innocence as a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits") (citation omitted). Because Ruiz makes no showing of actual innocence, review of his defaulted claims will depend on whether he can demonstrate the requisite cause and prejudice. See Coleman, 111 S. Ct. at 2565.

In an effort to establish cause, Ruiz argues that his procedural default should be excused because his criminal defense counsel was ineffective in failing to object to the disputed testimony.[23] Ineffective assistance of counsel may, in some circumstances, constitute cause to excuse a procedural default.

---

[23]Petitioner's Response, Docket Entry No. 24, pp. 5-11.

See <u>Edwards v. Carpenter</u>, 120 S. Ct. 1587, 1591 (2000) (citing <u>Murray v. Carrier</u>, 106 S. Ct. 2639, 2645-46 (1986)). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." <u>Carpenter</u>, 120 S. Ct. at 1591. "In other words, ineffective assistance adequate to establish cause for the procedural default of some <u>other</u> constitutional claim is <u>itself</u> an independent constitutional claim." <u>Id.</u> (emphasis in original).

For reasons set forth in more detail below, Ruiz does not demonstrate that his defense attorney was deficient for failing to object to the evidence at issue and he does not otherwise establish that he was denied effective assistance of counsel in violation of the Constitution. Absent a meritorious ineffective-assistance claim, Ruiz does not establish cause or actual prejudice that would excuse his procedural default. Therefore, his claims alleging a violation of the Confrontation Clause and the First Amendment are procedurally barred from federal review.

## B.   Ineffective Assistance of Counsel at Trial

Ruiz contends that he was denied effective assistance of counsel at his trial because his defense attorney failed to object to hearsay evidence that was admitted in violation of the Confrontation Clause or to evidence of his gang affiliation that was admitted during the punishment phase of the trial in violation of his rights under the First Amendment.[24]   After considering an

---

[24]Petition, Docket Entry No. 1, p. 6.

affidavit from Ruiz's trial attorney, Corey Gomel, the state habeas corpus court rejected Ruiz's ineffective-assistance claims, concluding that he failed to show that counsel was deficient or that, but for any deficiency, the result of his proceeding would have been different.[25]

As the state habeas corpus court correctly noted, claims for ineffective assistance of counsel are governed by the standard found in Strickland v. Washington, 104 S. Ct. 2052 (1984). To prevail under the Strickland standard a defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Id. at 2064. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

"To satisfy the deficient performance prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" Hoffman v. Cain, 752 F.3d 430, 440 (5th Cir. 2014) (quoting Strickland, 104 S. Ct. at 2064). This is a "highly deferential" inquiry; "[t]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 104 S. Ct. at 2065).

---

[25]Findings and Conclusions, Docket Entry No. 16-8, p. 75 (citing Strickland v. Washington, 104 S. Ct. 2052 (1984)).

To satisfy the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A habeas petitioner must "affirmatively prove prejudice." Id. at 693. A petitioner cannot satisfy the second prong of Strickland with mere speculation and conjecture. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. See Day v. Quarterman, 566 F.3d 527, 540-41 (5th Cir. 2009); see also Lincecum v. Collins, 958 F.2d 1271, 1279-80 (5th Cir. 1992) (stating that an ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief).

Because the petitioner's ineffective-assistance claims were rejected by the state court, the issue is not whether this court "'believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (quotation omitted). In addition, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. Id. at 1413; see also

Richter, 131 S. Ct. at 788 (emphasizing that the standards created by Strickland and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted); Beatty v. Stephens, 759 F.3d 455, 463 (5th Cir. 2014) (same).

    1.   Failure to Raise a Confrontation Clause Objection

Ruiz contends that his counsel was deficient because he failed to object to testimony by Detective John Brooks about an out-of-court statement made by Ruiz's brother, Antonio, concerning the ownership of a cell phone linked to the murder.[26] Brooks testified that he learned during his investigation that the man who shot and killed Rigoberto Careaga had entered his cell phone number into a phone belonging to a young woman named Celia Mora on the night of the murder because the man wanted her to call him.[27] After obtaining a court order for subscriber information regarding the phone number, Brooks learned that the number was registered to Antonio Ruiz.[28] Brooks testified that during the process of eliminating Antonio Ruiz as a suspect Antonio told him that he had purchased the cell phone associated with that number and given it to his brother, Ignacio Ruiz.[29] At trial Cecilia Mora identified

---

[26]Petition, Docket Entry No. 1, pp. 7, 8-9.

[27]Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 78-79, 88-89.

[28]Id. at 89-90.

[29]Id. at 100.

Ignacio Ruiz as the man who handed her his cell phone on the night of the murder so that she could enter her number into the phone, and she identified Ignacio Ruiz as the man who shot Rigoberto Careaga.[30]

The petitioner appears to claim that evidence showing he possessed the cell phone on the night of the murder would not have been admitted if his counsel had raised a Confrontation Clause objection to Brooks's testimony about what Anthony Ruiz told him.[31] In response to this allegation Ruiz's defense attorney explained that he did not object because the State could have proved that Ruiz possessed the cell phone on the night of the murder by introducing Ruiz's own videotaped statement to police in which he admitted that his brother purchased the phone and gave it to him to use.[32] By electing not to object to Detective Brooks's testimony, defense counsel hoped to be able to prevent the State from playing Ruiz's videotaped statement before the jury, which was not in Ruiz's "best interests" because it would have made clear from his manner of communicating that he was not "sympathetic."[33] Concluding that evidence of the cell phone's ownership was coming in one way or another, defense counsel decided not to highlight or bring the

---

[30]Court Reporter's Record, vol. 3, Docket Entry No. 15-6, pp. 186-87, 188-91.

[31]Petition, Docket Entry No. 1, p. 6; Petitioner's Response, Docket Entry No. 24, p. 5.

[32]Affidavit of Corey Gomel ("Gomel Affidavit"), Docket Entry No. 16-8, pp. 56-57.

[33]Id. at 56.

jury's attention to this evidence as it was being admitted by objecting during Detective Brooks's testimony.[34] The state habeas corpus court credited defense counsel's explanation and concluded that his "professional decision" not to object was "reasonable trial strategy in light of the totality of the circumstances."[35]

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. See Strickland, 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. Crane v. Johnson, 178 F.3d 309, 312 (5th Cir. 1999). Thus, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); Garland v. Maggio, 717 F.2d 199, 206 (5th Cir. 1983) (citing Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir. 1975); Daniels v. Maggio, 669 F.2d 1075 (5th Cir. 1982)).

Ruiz does not dispute that the State had other, more damaging evidence that would have established his possession of the cell

---

[34]Id. at 56-57.

[35]Findings and Conclusions, Docket Entry No. 16-8, p. 76.

phone. Under these circumstances Ruiz has not shown that his defense counsel's trial strategy was unsound or that, but for his attorney's failure to object, evidence showing that he possessed the cell phone on the night of the murder would not have been admitted. As a result, Ruiz fails to demonstrate deficient performance or to show that he was prejudiced by his counsel's failure to raise an objection under the Confrontation Clause. More importantly, Ruiz fails to show that the state habeas corpus court's decision was unreasonable under the doubly deferential standard that applies on federal habeas review. Therefore, Ruiz is not entitled to relief on this claim.

   2.   <u>Failure to Raise a First Amendment Objection</u>

   Ruiz contends that his counsel was deficient because he failed to object to evidence of his gang affiliation, which was admitted during the punishment phase of the trial in violation of the First Amendment right to freedom of association.[36] Ruiz's attorney concedes that he did not object to this evidence because he believed it would be futile.[37] He explained that despite discussions with his client about "appropriate behavior in the courtroom," Ruiz made "hand gestures" during trial that could be interpreted as "gang related" when looking at "friends of his" who

_____

[36]Petition, Docket Entry No. 1, pp. 7, 10-11; Petitioner's Response, Docket Entry No. 24, pp. 6-9.

[37]Gomel Affidavit, Docket Entry No. 16-8, p. 57.

were watching the proceedings.[38]   The state habeas corpus court, which also presided over the trial, found as a matter of fact that Ruiz "made hand gestures that were or could be interpreted as gang related during the course of the trial."[39]   Based on this finding, the state habeas corpus court concluded that the attorney's failure to object to the evidence of Ruiz's gang affiliation "was not deficient conduct, as such evidence was admissible during the punishment stage of trial, and the applicant's behavior in the courtroom during trial increased the relevancy of this evidence."[40]

Arguing that his gang affiliation was irrelevant and protected by the First Amendment freedom of association, Ruiz cites <u>Dawson v. Delaware</u>, 112 S. Ct. 1093 (1992), in support of his contention that his counsel failed to make a valid objection to this evidence.[41] In <u>Dawson</u> the Supreme Court recognized that "the Constitution does not erect a <u>per se</u> barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment." <u>Id.</u> at 1097.  The Court held, however, that admission of a narrowly worded stipulation about the defendant's membership in a racist prison gang violated the First Amendment because the limited nature

---

[38]<u>Id.</u>

[39]Findings and Conclusions, Docket Entry No. 16-8, pp. 73-74.

[40]<u>Id.</u> at 76 (citing Tex. Code Crim. Proc. Ann. art. 37.07 § 3 (Vernon Supp. 2012)).

[41]Petitioner's Response, Docket Entry No. 24, p. 6.

of the evidence lacked context and was "totally without relevance to [the defendant's] sentencing proceeding." Id. Without evidence linking the defendant's gang affiliation to an aggravating circumstance, the Court concluded that the stipulation should have been excluded because it was offered for no other reason than to establish the defendant's "abstract beliefs" and association with other like-minded individuals, which violated the First Amendment. Id. at 1098.

In contrast to the facts of Dawson, the record shows that the State presented evidence during the punishment phase of Ruiz's trial showing that Ruiz was a documented member of the "Fourth Ward gang" and that he committed other violent acts as a member of that gang.[42] In particular, the State presented evidence that Ruiz committed an assault that caused serious bodily injuries while free on bond for the murder charges against him, and that he was accompanied during that incident by at least one other documented member of the Fourth Ward gang (Victor Sanchez), who was also present with Ruiz on the night he shot and killed Rigoberto Careaga.[43] Although the State did not present evidence tending to show that the Fourth Ward gang was known to engage in any specific criminal activity, the testimony was admitted in a context that linked Ruiz's gang affiliation to the underlying violent offense

---

[42]Court Reporter's Record, vol. 5, Docket Entry No. 15-8, pp. 10-13.

[43]Id. at 16-17.

and in such a way that it was relevant for purposes of sentencing. Based on this record, Ruiz fails to show that the evidence was inadmissible under Dawson.

Ruiz does not dispute that he was a member of the Fourth Ward gang; and he has made no attempt to refute the state habeas corpus court's finding that he made gang-related gestures in court, which made evidence of his gang affiliation relevant.[44] The state habeas corpus court's finding of fact on this issue is presumed correct for purposes of federal review. See 28 U.S.C. § 2254(e)(1). The presumption of correctness found in § 2254(e)(1) is "especially strong" where, as here, "the state habeas court and the trial court are one in the same." Mays v. Stephens, 757 F.3d 211, 214 (5th Cir. 2014) (citing Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000)); Boyle v. Johnson, 93 F.3d 180, 186 (5th Cir. 1996) (citing May v. Collins, 955 F.2d 299, 314 (5th Cir. 1992)). Under these circumstances Ruiz has not shown that the evidence was irrelevant or inadmissible during the punishment phase of trial and has therefore not shown that his attorney had a valid objection to make under the First Amendment. Ruiz has not otherwise shown that the state habeas corpus court's decision was unreasonable or contrary to clearly established Supreme Court precedent. Ruiz is thus not entitled to relief on this claim.

---

[44]Findings and Conclusions, Docket Entry No. 16-8, p. 76 (citing Tex. Code Crim. Proc. Ann. art. 37.07 § 3 (Vernon Supp. 2012)).

## C.   Ineffective Assistance of Counsel on Appeal

Ruiz contends that he was denied effective assistance of counsel on direct appeal because his attorney filed an <u>Anders</u> brief and failed to provide him with a copy of that brief.[45]  The state habeas corpus court rejected this claim after reviewing copies of the <u>Anders</u> brief, Ruiz's <u>pro</u> <u>se</u> brief in response, and the opinion from the court of appeals, which concluded that Ruiz's appeal was frivolous.[46]

A claim of ineffective assistance on appeal is governed by the <u>Strickland</u> standard, which requires the defendant to establish both constitutionally deficient performance and actual prejudice.  To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. <u>Smith v. Robbins</u>, 120 S. Ct. 746, 764 (2000).  If the defendant succeeds in such a showing, he must then establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal."  <u>Id.</u>

The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the

_____

[45]Petition, Docket Entry No. 1, p. 7; Petitioner's Response, Docket Entry No. 24, pp. 12-18.

[46]Findings and Conclusions, Docket Entry No. 16-8, pp. 74, 75-77.

right to counsel for bringing a frivolous appeal." Robbins, 120 S. Ct. at 760. "Appellate counsel is not deficient for not raising every non-frivolous issue on appeal." United States v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004) (citing United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 2000)). "To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision 'fall[s] below an objective standard of reasonableness.'" Id. "This standard requires counsel 'to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.'" Id. "'Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention.'" Id.

To the extent that Ruiz faults his appellate attorney for filing an Anders brief, Ruiz fails to show that his attorney was deficient because he does not identify a non-frivolous issue for appeal that his attorney unreasonably failed to raise. Ruiz argues that his appellate counsel failed to provide him with a copy of the Anders brief, but Ruiz does not dispute that the court of appeals provided him with a copy of the Anders brief and advised him of his right to file a pro se response.[47] Ruiz availed himself of that

_____

[47]Ruiz requests an evidentiary hearing and review of prison mail records to establish that his counsel did not provide him with a copy of the Anders brief. See Petitioner's Request for an Evidentiary Hearing, Docket Entry No. 25, pp. 1-4. Because Ruiz
(continued...)

right.[48]  Although Ruiz argues that appellate counsel abandoned him,
constructively denying him the right to counsel,[49] review of the
Anders brief filed on Ruiz's behalf shows that counsel summarized
the record and proposed one issue for appellate consideration
concerning the sufficiency of the evidence.[50]  Considering the
overwhelming evidence against Ruiz, the record does not establish
that his appellate attorney abandoned him by choosing to raise only
one proposed issue on appeal or that doing so was tantamount to the
constructive denial of counsel.[51]  Because Ruiz does not otherwise
show that counsel was deficient for failing to raise a non-
frivolous claim or that the result of his appeal would have been
different but for his counsel's deficient performance, Ruiz does

---

[47](...continued)
does not dispute that he eventually received a copy of the Anders
brief and was advised of his right to file a pro se response, an
evidentiary hearing is unnecessary.  Ruiz's request will therefore
be denied.

[48]Appellant's Pro Se Response Brief, Docket Entry No. 15-19,
pp. 1-29.

[49]Petition, Docket Entry No. 1, p. 7; Petitioner's Response,
Docket Entry No. 24, pp. 12-18.

[50]Brief of Appellant, Docket Entry No. 15-20, pp. 1-26.

[51]As a result, the authority that Ruiz relies upon is
distinguishable.  See Petitioner's Response, Docket Entry No. 24,
pp. 14-16 (citing Penson v. Ohio, 109 S. Ct. 346, 350-51 (1988)
(finding that the defendant was constructively denied counsel when
his appellate attorney was granted leave to withdraw under
procedures that did not comport with Anders); and Harris v. Day,
226 F.3d 361, 364-65 (5th Cir. 2000) (finding attorney abandonment
where counsel submitted only an "errors patent" brief that made no
effort to point to any arguable issues for appeal)).

not demonstrate that he was denied effective assistance of counsel on appeal or that the state court's decision to reject this claim was unreasonable. Accordingly, Ruiz is not entitled to relief on this claim.

## D.    Due Process on Appeal

Finally, Ruiz contends that he was denied due process during his direct appeal because although he was provided a copy of his state court trial transcript to use in preparing a response to his counsel's <u>Anders</u> brief, a portion of the volume containing "important photographic evidence" was missing.[52] Ruiz does not allege facts showing what claim he would have presented on appeal if he had been afforded access to these exhibits. Absent a showing that Ruiz was prevented from raising a valid claim because he lacked access to the exhibits, his claim is conclusory and does not merit relief. <u>See Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding") (citations omitted).

Because Ruiz has failed to establish a valid claim for relief, Respondent's Motion for Summary Judgment will be granted and the Petition will be denied.

---

[52]Petition, Docket Entry No. 1, p. 8; Petitioner's Response, Docket Entry No. 24, p. 19 (identifying State's Exhibits 55-92 and three defense exhibits as missing from the state court record that Ruiz received).

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After

careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner has not demonstrated that his claims could be resolved in a different manner, a certificate of appealability will not issue.

### V. Conclusion and Order

The court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.

2. Petitioner Ignacio Ruiz's Request for An Evidentiary Hearing (Docket Entry No. 25) is **DENIED**.

3. Ruiz's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 10th day of August, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE